## Richmond.

### HOUSTON M. EVANS V. COMMONWEALTH.

March 16, 1922.

Absent, West, J.

APPEAL AND ERROR—*Conflicting Evidence—Conclusiveness of Verdict.*
—Accused was convicted under the prohibition act, and the
evidence for the prosecution was sufficient to establish his guilt.
Accused introduced evidence tending to contradict all the in-
criminating circumstances established by the prosecution.
  *Held:* As the jury heard and saw all of the witnesses, and credited
  the evidence which so clearly indicated the guilt of the accused,
  their finding was conclusive.

Error to a judgment of the Circuit Court of Halifax.
county.

*Affirmed.*

The opinion states the case.

*McKinney & Settle,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr.,
Assistant Attorney General,* and *Leon M. Bazile, Second
Assistant Attorney General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

The plaintiff in error, who has been convicted under the
statute (laws 1918, c. 388) prohibiting the manufacture
and sale of ardent spirits, is here assigning one error—that
is, that the court erred in overruling the motion to set aside
the verdict as contrary to the law and the evidence.

It is unnecessary to recite all of the evidence, because it appears from the evidence introduced on behalf of the Commonwealth that the federal prohibition agents and the county police had located a distillery in Halifax county; that the accused and another were seen and recognized by two of these officials, who saw the accused filling up fruit jars with whiskey which he was dipping out of a tub at the distillery; that they had filled up eleven fruit jars and were about to fill another when, having evidently seen some of the officers, they ran away; that another witness saw them running through the woods from the direction of the distillery; that they took an automobile which had been waiting, and that they were arrested in that automobile a few minutes afterwards by another one of the officers. The defendant introduced evidence tending to contradict all of these incriminating circumstances, but, as the jury heard and saw all of the witnesses and credited the evidence which so clearly indicates the guilt of the accused, their finding is conclusive. The attorney for the accused appears to realize that this result is inevitable, and undertakes to escape it by stating in his petition that the "officers testified falsely against the petitioner * * * and that they were actuated so to do solely through malice." It is sufficient to say as to this that there is nothing in the record to justify this imputation against the witnesses for the Commonwealth.

*Affirmed.*